# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                                                    No. 1:16-cr-01093-MV

ADRIAN TRAMMER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Count 1 of the Indictment with Prejudice for Violation of the Speedy Trial Act [Doc. 87], filed July 3, 2019. For the reasons stated below, Defendant's motion is **GRANTED** in part. Count 1 is dismissed without prejudice.

## BACKGROUND

On March 23, 2016, an indictment was returned against Defendant with three counts. Doc. 5. Count 1 charged Defendant with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(l) and 924(a)(2). *Id.*

The Court granted Defendant's motion to sever Count 1 [Doc. 36] on August 15, 2018. Doc. 47. In its Order, the Court stated: "By separate Order, the Court will set a date for Defendant Trammer to be tried on Count 1 of the indictment." *Id.* The Court, however, did not do so.

On July 3, 2019, Defendant filed the subject motion requesting the Court "dismiss Count 1 of the indictment with prejudice on the ground that [Defendant's] rights under the Speedy Trial Act ("STA"), 18 U.S.C. § 3161 *et seq.*, have been violated." Doc. 87 at 1.

# LAW

"The Speedy Trial Act is designed to protect a criminal defendant's constitutional right to a speedy trial and serve the public interest in bringing prompt criminal proceedings." *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009) (quoting *United States v. Thompson*, 524 F.3d 1126, 1131 (10th Cir. 2008)). It requires that a defendant's trial start "within seventy days" from the filing of the indictment or the defendant's initial appearance, whichever occurs last. 18 U.S.C. § 3161(c)(1). Excluded from the seventy-day requirement is "[a]ny period of delay resulting from a continuance granted by any judge . . . on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A).

If a defendant is not brought to trial within seventy days, as extended by the excluded time, the "indictment shall be dismissed on motion of the defendant." *Id.* § 3162(a)(2). "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." *Id.*

# DISCUSSION

## I.  The Speedy Trial Act Mandates Dismissal of Count 1

Defendant was indicted on March 23, 2016. Doc. 5. Defendant's initial appearance was on September 29, 2017. Doc. 18. Defendant's initial appearance occurred after the indictment; therefore, in accordance with 18 U.S.C. § 3161(c)(1), his initial appearance triggered the beginning of the Speedy Trial Act's seventy-day requirement.

Three nonexcludable days elapsed before Defendant filed his first motion to continue on October 2, 2017. Doc. 24. The Court granted it on October 27, 2017, continuing the trial to February 26, 2018. Doc. 27. The Court granted Defendant's second motion to continue [Doc. 28] on February 7, 2018, continuing the trial to May 21, 2018. Doc. 39. The Court granted Defendant's third motion to continue [Doc. 41] on May 2, 2018, continuing the trial to August 27, 2018. Doc. 43. The Court granted Defendant's fourth motion to continue [Doc. 45] on August 1, 2018, continuing the trial to October 22, 2018. Doc. 46. When granting each motion to continue, the Court explained "that the period of time from the entry of this Order until the new trial date shall be excluded from the time limitations set forth within 18 U.S.C. § 3161(c)(1)." The excluded time, therefore, extended from October 2, 2017, the date Defendant filed his first motion to continue, to October 22, 2018.

On August 15, 2018, however, the Court granted Defendant's motion to sever Count 1. Doc. 47. The excluded time as to the trial for Count 1, as a result, ended on August 15, 2018. *See* 18 U.S.C. § 3161(h)(6) (stating that "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and *no motion for severance has been granted*" is excluded time) (*emphasis* added). The motion severing Count 1 was granted on August 15, 2018; therefore, as of that day, Government had sixty-seven days remaining to bring Defendant to trial on Count 1. Government did not do so resulting in the Speedy Trial Act's seventy-day requirement as to Count 1 expiring on October 21, 2018. The Speedy Trial Act, therefore, mandates its dismissal.

Government first argues Count 1 should not be dismissed because the continuances granted after the Court severed Count 1 applied to the trial for Counts 2 and 3 as well as the trial for Count 1. Doc. 95 at 10. Government explained that:

> undersigned counsel, understood that the trial on the Possession of a Firearm by a Felon (Count1) [sic] would always follow the primary trial on the other two counts. The count was severed for trial purposes but did not create a separate case for Administrative puurposes [sic]. Indeed, when the seventh continuance was requested, counsel for the government suggested that specific language convering [sic] the severed count be included in cocounsel's joint motion for continuance since the parties understood that the trials were contiguous. There was a concern that obviously any continuance would impact the severed count. Counsel for Defendant Trammer indicated that it would not be necessary. It was the United States' belief that the entire case was being moved each time defense counsel moved to continue the case.

Doc. 95 at 8.

Defendant disagrees with Government's account, arguing it "makes absolutely no sense given that all the motions to continue filed and granted after the Court severed Count 1 for trial pertained to trial dates for which Count 1 was not scheduled." Doc. 100 at 2. Defendant also attached an April 2019 email conversation with Government Counsel to his Reply that showed, contrary to Government's explanation, that there was not an understanding that the motions to continue filed after the Court severed Count 1 applied to the trial for Count 1:

> [Defendant's Counsel:]
> I don't see the need for the motion to say anything about the separate charge against Trammer. The current trial setting clearly pertains only to the robbery charges. Judge Vazquez said she was going to notice the other case for trial but never has.
>
> [Government Counsel:]
> Are you saying the other count is still under previous order to continue? Perhaps we need to inquire. I do not want to face a speedy trial claim. If you are saying that is not an issue then file a waiver of any such claim or I can request a specific setting to raise the matter.

Doc. 100-2 at 2.

It is also worth noting, despite neither party briefing it, that Defendant's sixth motion to continue, filed January 9, 2019, included the following language: "Count 1 has been severed from this matter for purpose of trial. (*See* Doc. 47.)." Doc. 60 at 1. The Court finds that the continuances granted after the Court severed Count 1 applied only to the trial for Counts 2 and 3. As such, they did not result in excluded time as to the trial for Count 1.

Government also argues Count 1 should not be dismissed because "the filing of the superseding indictment [Doc. 90] . . . started a new [Speedy Trial Act] clock." Doc. 95 at 11. The charges in the superseding indictment, however, remained the same with the exception of Count 1, which Government explained was modified only to add an additional element to comply with a recent Supreme Court decision. Doc. 95 at 4. The Tenth Circuit has made clear that "the [Speedy Trial Act] clock does not restart upon the return of a superseding indictment." *United States v. Koerber*, 813 F.3d 1262, 1280 n.24 (10th Cir. 2016); *see United States v. Mora*, 135 F.3d 1351, 1355 (10th Cir. 1998).

The Speedy Trial Act's seventy-day requirement was not met as to Count 1. Government's argument that the motions to continue granted after the Court severed Count 1 applied to the trial for Count 1 is not persuasive. And Government's argument that the superseding indictment started a new Speedy Trial Act clock misstates the law. 18 U.S.C. § 3162(a)(2) mandates dismissal of Count 1.

## II.   Dismissal of Count 1 is Without Prejudice

### A. Seriousness of the Offense

"If the court determines the offense committed by the defendant is serious, this factor weighs in favor of dismissing without prejudice." *Koerber*, 813 F.3d. at 1274 (quoting *United*

*States v. Saltzman*, 984 F.2d 1087, 1092-93 (10th Cir. 1993)). "One way the district court can measure the seriousness of an offense is by considering the length of sentence Congress has adopted for that offense." *Id.* at 1276. Count 1 carries a maximum sentence of 10 years imprisonment. 18 U.S.C. § 924(a)(2). Both parties agree Count 1 is a serious offense and weighs in favor of dismissal without prejudice. Doc. 87 at 6-7; Doc. 95 at 13-14.

**B. Facts and Circumstances of the Case which led to the Dismissal**

"In determining whether the facts and circumstances warrant dismissal with prejudice we focus on the culpability of the conduct that led to the delay." *Koerber*, 813 F.3d at 1277 (quoting *United States v. Cano-Silva*, 402 F.3d 1031, 1036 (10th Cir. 2005)). The Tenth Circuit has explained that "where the delay in bringing the case to trial is the result of intentional dilatory conduct, or a pattern of neglect on the part of the Government, dismissal with prejudice is the appropriate remedy." *Id.* (quoting *United States v. Williams*, 576 F.3d 1149, 1158 (10th Cir. 2009)).

Defendant argues that "[t]he [Speedy Trial Act] clock ran on Count 1 nearly 300 days ago and the government had exhibited a truly neglectful attitude in ensuring compliance with the [Speedy Trial] Act." Doc. 100 at 6. The Court agrees Government was neglectful in ensuring Count 1 was brought to trial in accordance with the Speedy Trial Act. The Court also recognizes that the Court not setting a trial date for Count 1 does not negate that the Speedy Trial Act's seventy-day requirement was not met. The "[facts and circumstances of the case which led to the dismissal] factor focuses equally on the impact of the court's conduct and the impact of the government's conduct on any judicial delay." *United States v. Bert*, 814 F.3d 70, 80 (2d Cir. 2016) (citing *United States v. Pringle*, 751 F.2d 419, 429 (1st Cir. 1984)). Dismissal with prejudice, however, is the

appropriate remedy "where the delay in bringing the case to trial is the result of intentional dilatory conduct, or a pattern of neglect." *Koerber*, 813 F.3d at 1277.

Until the April 2019 email conversation (reproduced in part above), Government mistakenly believed "the entire case was being moved each time defense counsel moved to continue the case." Doc. 95 at 8; Doc. 100-2 at 1 (Government counsel's April 2, 2019 email to Defendant's counsel: "Are you saying the other count is still under previous order to continue?"). No evidence has been offered suggesting the delay in bringing Count 1 to trial was the result of intentional dilatory conduct, and Defendant does not argue there was intentional dilatory conduct.

No evidence has also been offered suggesting the delay in bringing Count 1 to trial was the result of a pattern of neglect, and Defendant does not argue there was a pattern of neglect. Instead, Defendant argues "government has exhibited a truly neglectful attitude in ensuring compliance with the [Speedy Trial] Act." Doc. 100 at 6. Defendant, in doing so, points to the length of the delay and the fact that "the government has done nothing to alert the Court of the need to set a trial on this Count." *Id.* The Court recognizes this "factor may tip in favor of dismissal with prejudice in situations where the delay is attributable to a 'truly neglectful attitude.'" *Bert*, 814 F.3d at 80 (quoting *United States v. Taylor*, 487 U.S. 326, 338 (1988)). The Court, however, does not find that Government exhibited a truly neglectful attitude, when considering Government's documented, mistaken belief that "the entire case was being moved each time defense counsel moved to continue the case." Doc. 95 at 8. The facts and circumstances of the case which led to the dismissal, therefore, weigh in favor of dismissal without prejudice.

## C. Impact of a Reprosecution on the Administration of the Speedy Trial Act and on the Administration of Justice

When evaluating the impact of the reprosecution on the administration of the Speedy Trial Act and on the administration of justice, "a court should consider, [among other things], whether the delay caused by the government was intentional and the prejudice suffered by the defendant from the Act's violation." *Koerber*, 813 F.3d at 1285 (quoting *Toombs*, 713 F.3d at 1281) (brackets in original). The prejudice must be "other than that occasioned by the original filing." *Id.* (quoting *Williams*, 576 F.3d at 1159). "The length of delay is also relevant." *Id.*

Defendant does not argue the delay in bringing Count 1 to trial was intentional or that Defendant suffered prejudice. Instead, Defendant argues the length of delay, the fact that Count 1's alleged conduct occurred nearly five years ago, and that "dismissal with prejudice would hardly be a windfall for [Defendant]" weigh in favor of dismissal with prejudice. Doc. 87 at 8-10.

In arguing that the length of delay weighs in favor of dismissal with prejudice, Defendant cites *United States v. Moss,* 217 F.3d 426 (6th Cir. 2000), asserting it is analogous. Doc. 87 at 8-9. Defendant states that "[t]he Sixth Circuit in *Moss* held that, because of the district court's inordinate delay in resolving [a motion to suppress], dismissal without prejudice was insufficient to further the goals of the [Speedy Trial Act]." *Id.* at 9. That is not accurate. The Sixth Circuit held in *Moss* that "the district court's decision to dismiss the original indictment without prejudice [was] clearly erroneous" because "it did not adequately address two of the three statutory factors set forth in the Speedy Trial Act." 217 F.3d at 432. The facts of *Moss* are also distinguishable. The violation of the Speedy Trial Act's seventy-day requirement in *Moss* was the result of the district court's failure to rule on a motion to suppress, not a mistaken belief as to whether subsequent motions to

continue applied to a severed count. *Id.* at 429. *Moss* is not analogous, nor does it support Defendant's argument that the length of delay in this case weighs in favor of dismissal with prejudice. The Court recognizes that the length of delay as to Count 1 is not insignificant and that "[t]he longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty." *Taylor*, 487 U.S. at 340. The Court, however, does not find it appropriate to weigh the length of delay in favor of dismissal with prejudice considering Defendant has not offered any explanation or evidence as to how he has been prejudiced by the delay.

Defendant next argues that "[a]llowing the government to proceed on such an old case on a count that has a ten-year statutory maximum penalty would do little to vindicate the public's interest in this matter and would greatly impair any 'deterrent effect of punishment.'" Doc. 87 at 10 (quoting *Zedner v. United States*, 547 U.S. 489, 501 (2006)). Defendant, however, offers no evidence suggesting that allowing Government to proceed with Count 1 would in fact do so. Defendant's conclusory argument is not persuasive and, therefore, does not warrant the Court to weigh it in favor of dismissal with prejudice.

Also without merit is Defendant's final argument that "dismissal with prejudice would hardly be a windfall for [Defendant] as he still faces trial on Counts 2 and 3 of the indictment." *Id.* The other counts Defendant is charged with have no bearing on whether Count 1 should be dismissed with or without prejudice.

"Whenever [a prosecution]—for whatever reasons—falls short of meeting the Act's requirements, the administration of justice is adversely affected." *Bert*, 814 F.3d at 83 (quoting *United States v. Ramirez*, 973 F.2d 36, 39 (1st Cir. 1992)) (brackets in original). However, if the

9

"deterrent effect of barring reprosecution could alone support a decision to dismiss with prejudice, the consideration of the other [statutory] factors . . . would be superfluous, and all violations would warrant barring reprosecution." *Saltzman*, 984 F.2d at 1094 (quoting *Taylor*, 487 U.S. at 342) (brackets in original). The Court finds that the seriousness of the offense, facts and circumstances of the case which led to the dismissal, and impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice, when taken together, weigh in favor of dismissal without prejudice.

## CONCLUSION

The Speedy Trial Act's seventy-day requirement was not met as to Count 1. 18 U.S.C. § 3162(a)(2), therefore, mandates its dismissal. The Court having considered the seriousness of the offense, the facts and circumstances of the case which led to the dismissal, and the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice finds dismissal without prejudice appropriate.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Count 1 of the Indictment with Prejudice for Violation of the Speedy Trial Act [Doc. 87], filed July 3, 2019, is **GRANTED** in part. Count 1 is dismissed without prejudice.

Dated this 12th day of August, 2019.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

Attorney for Plaintiff:  Attorney for Defendant:
Presiliano A. Torrez    Todd A. Coberly